IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | **CIVIL ACTION NO.** |
| **O'REILLY AUTOMOTIVE INC., d/b/a O'REILLY AUTO PARTS** | § § § § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Dorothy Horton, Albert Richard, and other African-American employees and former employees at Defendant's Distribution Center 5 on Tavenor Street in Houston, Texas, each of whom was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 - 15, below, O'Reilly Automotive, Inc., d/b/a O'Reilly Auto Parts ("O'Reilly"), discriminated against African-American employees by subjecting them to an unlawful hostile environment, wage discrimination, and different terms and conditions of employment. O'Reilly also unlawfully denied promotions to qualified African-Americans, and instead awarded positions to less qualified non-African-Americans.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3)  and 2000e-6.

4.      At all relevant times, Defendant O'Reilly has continuously been a Missouri corporation doing business in the State of Texas and the City of Houston, and has continuously had at least 15 employees.  O'Reilly may be served with process by serving its registered agent for the state of Texas, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

5.      At all relevant times, O'Reilly has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dorothy Horton, Albert Richard, and Cynthia Hill each filed a charge with the Commission alleging violations of Title VII by O'Reilly. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2001, O'Reilly has engaged in unlawful employment practices at its Distribution Center 5 in Houston, Texas, in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a). Defendant has more than 500 employees.

8. Dorothy Horton began working for O'Reilly around February 2000. Beginning around October 2001, O'Reilly's agents and employees subjected her to a hostile environment because of her race. Horton addressed her concerns about the derogatory racial comments and objectionable treatment to which she was being subjected to supervisor Josefina Hernandez. When the hostile environment did not stop after her report to Hernandez, Horton addressed her concerns to successively higher levels of O'Reilly management. In May 2002, Horton sent a letter to O'Reilly headquarters in Missouri.

9. Although Horton followed the complaint procedures listed in the O'Reilly handbook, O'Reilly management failed to halt the hostile work environment.

10. African-American employees at the facility, including Horton, were persistently referred to by epithets such as "blackie," "mayate," and "nigger" by co-workers and even supervisors.

11. African-American employees were subjected to different terms and conditions of employment than their non-African-American co-workers. Examples include disparate treatment in granting or denying vacation requests, being required to provide medical documentation to

justify absences in circumstances where non-African-Americans were not required to have a doctor's note, and being forced to work alone on projects that non-African-Americans were permitted to complete with group help.

12. African-Americans at O'Reilly's Distribution Center 5 also were subjected to wage discrimination because of their race. One example involved forklift operators on the "returns stocking team," including Mr. Richard, who were affected by a shift change in mid-2006. O'Reilly pay records indicate that all the African-Americans lost $.50 per hour from their pay due to the shift change, but the non-African-American on the team at the time of the change did not lose any pay.

13. From June 2004 into at least September 2007, no African-American at the Tavenor location received a promotion to management. During this time period, numerous non-African-Americans received promotions.

14. Although entry into a "STEPS" program was a stated prerequisite for receiving a promotion, non-African-Americans received promotions without having been in the STEPS program. African-Americans permitted to enter the STEPS program languished there while being passed over in favor of others.

15. On some occasions, O'Reilly filled vacant positions without posting the position. This practice had the intent and the effect of excluding African-Americans from these positions

16. The effect of the practices complained of in paragraphs 7-15 above has been to deprive Dorothy Horton, Albert Richard, Cynthia Hill, and other African-American employees at the Tavenor facility of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

17. The unlawful employment practices complained of in paragraphs 8-15 above were and are intentional.

18. The unlawful employment practices complained of in paragraphs 8-15 above were and are done with malice or with reckless indifference to the federally protected rights of Dorothy Horton, Albert Richard, Cynthia Hill, and other African-American employees at the Tavenor facility.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining O'Reilly Automotive, Inc., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in race discrimination in wages, promotions, and other terms and conditions of employment, and from permitting an unlawful racially hostile work environment.

B. Order O'Reilly to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order O'Reilly to make whole Dorothy Horton, Albert Richard, and other African-American employees at the Tavenor facility, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place promotion of African-American employees at the Tavenor facility, and front pay.

D. Order O'Reilly to make whole Dorothy Horton, Albert Richard, Cynthia Hill, and other African-American employees at the Tavenor facility by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-15 above, including job search expenses, in amounts to be determined at trial.

E.     Order O'Reilly to make whole Dorothy Horton, Albert Richard, Cynthia Hill, and other African-American employees at the Tavenor facility by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-15 above, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F.     Order O'Reilly to pay Dorothy Horton, Albert Richard, Cynthia Hill, and other African-American employees at the Tavenor facility punitive damages for its malicious and reckless conduct described in paragraphs 8-15 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

_/s/ Timothy M. Bowne_____
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371

Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]
timothy.bowne@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002