IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:08-cv-02429 |
| O'REILLY AUTOMOTIVE INC., d/b/a O'REILLY AUTO PARTS; and OZARK AUTOMOTIVE DISTRIBUTORS, INC. | § § § § § § | |
| Defendants. | § | **JURY TRIAL** |

**PLAINTIFF EEOC'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Equal Employment Opportunity Commission files these objections to Defendants' Bill of Costs (Dkt. #62):

**SUMMARY**

1. Defendants' bill of costs is premature and not properly supported. Defendants' claimed costs should not be taxed against Plaintiff. To the contrary, should Plaintiff prevail at trial, costs should be taxed against Defendants.

**APPLICABLE RULES**

2. "An application for costs shall be made by filing a bill of costs within 14 days of the entry of a <u>final</u> judgment."[1] Southern Dist. Tex. LR 54.2 (emphasis added). "Objections to allowance of the bill […] must be filed within 7 days of the bill's filing." Id.

---

[1] "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties …." Fed. R. Civ. P. 54(b).

1

3.     A district court may decline to award costs listed in 28 U.S.C. § 1920, but may not award costs not enumerated in that statute. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987); <u>Coats v. Penrod Drilling Corp.</u>, 5 F.3d 877, 891 (5th Cir. 1993). The Court has discretion whether or not to award costs to a prevailing party. <u>Breaux v. City of Garland</u>, 205 F.3d 150, 164 (5th Cir. 2000). "[C]osts against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1).

## OBJECTIONS

**Costs Should Not be Awarded to Defendants**

4.     Assessment of costs is appropriate only after the entry of a "judgment" within the meaning of Fed. R. Civ. P. 54(a). The partial summary judgment order (Dkt. #59) -- which rejects some of each party's claims, and denies summary judgment to Defendants on Plaintiff's hostile work environment claim on behalf of Dorothy Horton -- does not constitute an appropriate predicate for an application for [or assessment of] costs. <u>See</u> Fed. R. Civ. P. 54(a) and (b); <u>see</u> <u>also</u> Southern Dist. Tex. LR 54.2. With trial still on the horizon, there currently is no "prevailing party"[2] who yet has standing to apply for costs. <u>See</u> Fed. R. Civ. P. 54(d)(1). Plaintiff thus objects to the entire $31,661.13 in costs claimed by Defendants.

**Defendants' Claimed Costs not Appropriate**

5.     "[A]bsent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." <u>Marmillion v. American Int'l Ins. Co.</u>, 381 Fed. Appx. 421, 431 (5th Cir. 2010) (citing <u>Cypress-Fairbanks Indep. Sch. Dist. v. Michael</u>, 118 F.3d 245, 257 (5th Cir. 1997)). Plaintiff objects that the $2,995.02 claimed by Defendants as costs for process

---

2 "In designating those parties eligible for an award of litigation costs, Congress employed the term 'prevailing party,' a legal term of art." <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.</u>, 532 U.S. 598, 603 (2001).

service therefore should be disallowed.  Cf.  Dkt. #62 at pp.1, 4-5, and 51-56.

      6.      Plaintiff objects to the deposition costs claimed by Defendants.  First, many of the depositions listed by Defendants pertain to witnesses[3] who either 1) may provide testimony at the upcoming trial; or 2) provided deposition testimony about Horton or Defendants' lack of any corrective action in response to Horton's complaints about the racially hostile work environment.[4]  As the "prevailing party" has yet to be determined, an award of the costs of these depositions is not appropriate.

      7.      Second, although the depositions cited by Defendants are characterized as being "for matters disposed by summary judgment," Defendants have offered no support for this conclusory assertion.  The declaration accompanying the bill of costs avers merely that the costs were "necessarily incurred in this action," and that the services for which costs are claimed "were actually and necessarily performed."  Dkt. #62 at p.1.  "Conclusory statements in an affidavit" are not sufficient.  See Lechuga v. Southern Pacific Transp. Co., 949 F.2d 790, 798 (5th Cir. 1992).  Defendants have provided no competent support for the assertion that all the claimed deposition costs were "for matters disposed by summary judgment," rather than for matters relevant to the upcoming trial.

      8.      Further, one of the "matters disposed by summary judgment" was Defendants' claim for attorney's fees.  As many of the depositions cited by Defendants relate to Defendants' not having grounds to support a claim for attorney's fees, and as Plaintiff prevailed in obtaining dismissal of this defense, Defendants are not entitled to costs for these depositions.

---

3 E.g., Nash, Ayala, Joseph, Todaro, Zermeno, Hernandez, Martinez, Mendez, Olvera, and Bullock.
4 Hostile environment evidence may be relevant even when the allegedly hostile comments or actions were not directed at an individual plaintiff or claimant.  Waltman v. International Paper Co., 875 F.2d 468, 477 (5th Cir. 1989).

9.      The copying charge of $.20 per page has not been established by Defendants as "reasonable." Absent an "accurate reflection of the actual cost to the law firm of making these copies," the rate of $.20 per page cannot be presumed to be reasonable. See <u>Fogleman v. ARAMCO</u>, 920 F.2d 278, 286-87 (5th Cir. 1991). Defendants have not sustained their burden of establishing an entitlement to the $472.80 in copying costs which they claim.

10.     Additionally, the claimed copying costs are described merely as "copies for summary judgment briefing." Dkt. #62 at p.5. Because one of Plaintiff's claims survived summary judgment, and because Plaintiff obtained summary judgment on one of Defendants' claims, "copies for summary judgment briefing" include costs for issues on which Defendants lost, and thus such costs should not be taxed in Defendants' favor. Finally, Defendants have not proven that these costs were "necessary," rather than merely for convenience of counsel.

## **CONCLUSION**

Plaintiff EEOC prays that its objections Defendants' proposed bill of costs be sustained, and for such other relief to which EEOC may be entitled.

                                                  Respectfully submitted,

                                                  \_\_/s/\_Timothy\_M.\_Bowne_____
                                                  Timothy M. Bowne
                                                  Attorney-in-Charge
                                                  Texas Bar No. 00793371
                                                  Southern Dist. of Texas No. 20023
                                                  Equal Employment Opportunity
                                                        Commission
                                                  1919 Smith Street, 7th Floor
                                                  Houston, Texas 77002
                                                  (713) 209-3395
                                                  (713) 209-3402 [facsimile]
                                                  timothy.bowne@eeoc.gov

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of EEOC's Objections to Defendants' Bill of Costs was filed through the Court's ECF system on January 11, 2011, and through that system should be served on the following:

    John M. Williams
    LUTTRELL & WILLIAMS, P.C.
    3000 Weslayan, Suite 350
    Houston, Texas 77027
    Lwjpc@aol.com

                                                  \_\_/s/\_Timothy\_M.\_Bowne_____
                                                  Timothy M. Bowne